[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Shalash,* Slip Opinion No. 2016-Ohio-8358.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8358

THE STATE OF OHIO, APPELLEE, *v*. SHALASH, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Shalash,* Slip Opinion No. 2016-Ohio-8358.]**

(No. 2015-1782—Submitted August 30, 2016—Decided December 27, 2016.)

*Criminal law—Controlled substance analogs—Controlled substance analogs were criminalized in October 2011.*

CERTIFIED by the Court of Appeals for Warren County, No. CA2014-12-146, 2015-Ohio-3836.

_____

PFEIFER, J.

BACKGROUND

{¶ 1} In May 2012, appellant, Hamza M. Shalash, was indicted on eight counts of aggravated trafficking in drugs and one count of engaging in a pattern of corrupt activity for transactions during 2011 and through February 2012.  Counts 1, 2, 3, 6, and 7 involved the sale or offer of sale, in violation of R.C. 2925.03(A)(1), of a "controlled substance analog, a Schedule I controlled substance, as defined in

R.C. Section 3719.01(HH)(1)." Counts 4, 5, and 8 involved the preparation for shipment or delivery of a controlled substance analog, as defined in R.C. 3719.01(HH)(1), in violation of R.C. 2925.03(A)(2). Controlled substance analogs are synthetic drugs that are chemically similar to and have the same effects as naturally occurring controlled substances—in this case, marijuana. Count 9 involved engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1).

{¶ 2} After unsuccessfully challenging the indictment on the grounds that trafficking in controlled substance analogs, as opposed to controlled substances, had not been illegal until December 2012, Shalash pleaded no contest to all nine counts. The trial court sentenced Shalash to a separate term of imprisonment on each count, the longest being 11 years, with the terms to be served concurrently.

{¶ 3} Shalash appealed, arguing that "controlled substance analogs were not criminalized at the time he allegedly committed the offense of aggravated trafficking of such substances." 2015-Ohio-3836, 41 N.E.3d 1263 ¶ 11 (12th Dist.). The court of appeals disagreed, relying on the definition of controlled substance analogs in R.C. 3719.013, and affirmed the trial court's judgment. *Id.* at ¶ 23-28.

{¶ 4} The court of appeals certified a conflict with *State v. Smith*, 10th Dist. Franklin Nos. 14AP–154 and 14AP–155, 2014-Ohio-5303; *State v. Mohammad*, 10th Dist. Franklin No. 14AP-662 and 14AP-871, 2015-Ohio-1234; and *State v. Mobarek*, 10th Dist. Franklin No. 14AP-517, 2015-Ohio-3007. We agreed that a conflict exists and ordered the parties to brief "whether 'controlled substance analogs' were criminalized as of October 17, 2011, the effective date of House Bill 64." 144 Ohio St.3d 1425, 2015-Ohio-5225, 42 N.E.3d 762.

## ANALYSIS

{¶ 5} Chapter 2925 of the Revised Code is titled "Drug Offenses." At the time of Shalash's indictment, R.C. 2925.03(A)(1) read, "(A) No person shall knowingly do any of the following: (1) Sell or offer to sell a controlled substance."

2011 Sub.H.B. No. 64 ("H.B. 64"). R.C. 2925.03(A)(2) read, "(A) No person shall knowingly do any of the following: * * * (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * *." *Id.*

**{¶ 6}** Chapter 3719 is titled "Controlled Substances." H.B. 64 for the first time defined "controlled substance analog," a substance that is "substantially similar" to a Schedule I or II controlled substance in chemical structure and also has or is intended to have a "stimulant, depressant, or hallucinogenic effect on the central nervous system" that is similar to that of a Schedule I or II controlled substance. R.C. 3719.01(HH)(1).

**{¶ 7}** Sub.H.B. No. 334 ("H.B. 334") amended R.C. 2925.03(A)(1) to read, "(A) No person shall knowingly do any of the following: (1) Sell or offer to sell a controlled substance *or a controlled substance analog*." (Emphasis added.) This language became effective in December 2012, months after Shalash's indictment.

**{¶ 8}** Shalash argues that when he was arrested and indicted, selling and trafficking in controlled substance analogs was not illegal. Shalash asserts that before H.B. 334, "R.C. 2925.03 did not state a positive prohibition against trafficking in 'controlled substance analogs.' " He also states that before H.B. 334, "no section of the Revised Code provided a penalty for trafficking in 'controlled substance analogs.' " Other sections of the Revised Code lead us to contrary conclusions.

**{¶ 9}** R.C. 3719.01(HH)(1) states:

> (1) "Controlled substance analog" means, except as provided in division (HH)(2) of this section, a substance to which both of the following apply:
>
> (a) The chemical structure of the substance is substantially similar to the structure of a controlled substance in schedule I or II.
>
> (b) One of the following applies regarding the substance:

(i) The substance has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

(ii) With respect to a particular person, that person represents or intends the substance to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

{¶ 10} R.C. 3719.01(HH)(2) states, however, that "(2) '[c]ontrolled substance analog' does not include any of the following: (a) A controlled substance." R.C. 3719.01(HH)(2)(a) might seem to undermine our analysis. This provision, however, merely notes that controlled substances are distinct from controlled substance analogs. The question is whether the Revised Code authorizes the two substances to be treated alike for purposes of R.C. 2925.03(A)(1) and (2).

{¶ 11} For resolution, we return to H.B. 64. H.B. 64 also enacted R.C. 3719.013, which says that with some explicit exceptions, "a controlled substance analog, to the extent intended for human consumption, shall be treated for purposes of any provision of the Revised Code as a controlled substance in schedule I." R.C. 3719.013 is dispositive, as it states that a controlled substance analog shall be treated as a controlled substance in schedule I "for purposes of any provision." Trafficking in controlled substances is clearly prohibited. R.C. 2925.03. Moreover, use of "shall" shows that R.C. 3719.013 is mandatory and not advisory. As Chapter 3719 is titled "Controlled Substances" and contains numerous provisions, it is not a secret provision of the Revised Code designed to snare the unwary.

{¶ 12} In addition, the preamble to H.B. 64 states that the purpose of the bill is "to add synthetic cannabinoids commonly known as K2 or Spice to the list of Schedule I controlled substances, to prohibit the possession of Spice, to prohibit trafficking in Spice, to provide that if Spice is the drug involved in a violation of the offense of corrupting another with drugs the penalty for the violation will be the same as if marihuana was the drug involved in the offense * * *." (We take judicial notice of the fact that K2 and Spice are forms of synthetic marijuana. National Institute on Drug Abuse, *Synthetic Cannabinoids (K2/Spice)*, *https://www.drugabuse.gov/drugs-abuse/synthetic-cannabinoids-k2spice*, *accessed Dec. 5, 2016.*) We do not rely on the preamble in reaching our decision, but we note that it undermines Shalash's arguments.

**Conclusion**

{¶ 13} Although controlled substance analogs were not specifically proscribed by Title 29 when Shalash was arrested and indicted for selling them, other provisions of the Revised Code incorporated controlled substance analogs into Title 29. Specifically, R.C. 3719.013 states that controlled substance analogs "shall" be treated as a controlled substance for purposes of "any provision of the Revised Code."

{¶ 14} The certified conflict before us asks "whether 'controlled substance analogs' were criminalized as of October 17, 2011, the effective date of House Bill 64." We conclude that H.B. 64 criminalized controlled substance analogs, and we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'Neill, J., dissents.

_____

David P. Fornshell, Warren County Prosecuting Attorney, and Kathryn Horvath, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Terrence K. Scott, Assistant Public Defender, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, urging affirmance for amicus curiae Franklin County Prosecuting Attorney Ron O'Brien.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Zachary J. Howe, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General Michael DeWine.

_____