[Cite as *State v. Mobarak*, 2020-Ohio-249.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-540 (C.P.C. No. 12CR-5582) and |
| v. | : | No. 18AP-551 (C.P.C. No. 12CR-3864) |
| Soleiman Mobarak, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on January 28, 2020

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert,* for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *The Behal Law Group, LLC*, and *Robert J. Behal,* for appellant. **Argued:** *Robert J. Behal.*

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Soleiman Mobarak, appeals from a Franklin County Court of Common Pleas decision and entry denying his postconviction relief petition, denying his amendment to his postconviction relief petition, and granting the motions to revoke bond and enforce sentence filed by plaintiff-appellee, State of Ohio. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} From March to July 2012, undercover police officers purchased packages from a convenience store owned by Mobarak containing synthetic cathinones, commonly known as "bath salts," and synthetic marijuana, known as "spice." (June 12, 2018 Decision at 3, citing Tr. at 4.) On August 3, 2012, Mobarak was indicted on two counts of aggravated trafficking in drugs and two counts of aggravated trafficking in spice, in violation of R.C.

2925.03, in Franklin C.P. No. 12CR-3864. On October 31, 2012, Mobarak was indicted for nine other charges of trafficking and/or possession of drugs, in violation of R.C. 2925.11, 2925.03, and 2923.32, in Franklin C.P. No. 12CR-5582. Eleven of the charges in the two indictments were for possession and/or trafficking of a-Pyrrolidinopentiophenone ("a-PVP"), a controlled substance analog ("CSA").[1]

{¶ 3} Case No. 12CR-3864 was joined to the trial of case No. 12CR-5582, and the counts in the indictments were renumbered.[2] The State alleged the bath salts were CSAs, as defined by R.C. 3719.01(HH)(1). On February 1, 2013, Mobarak filed a motion to dismiss, arguing that the definition of a CSA in R.C. 3719.01(HH)(1), enacted October 17, 2011, is unconstitutionally vague because it contains two undefined terms and fails to provide adequate notice of the proscribed activity. The trial court overruled the motion but did not file an entry. The jury returned guilty verdicts, and on June 6, 2014, the trial court sentenced Mobarak to consecutive terms of incarceration totaling 35 years of mandatory confinement without parole. Mobarak filed an appeal to this Court.

{¶ 4} While his direct appeal was pending, on December 19, 2014, Mobarak filed a postconviction petition under R.C. 2953.21. In the petition, Mobarak alleged that under *State v. Smith*, 10th Dist. No. 14AP-154, 2014-Ohio-5303, CSAs were not criminalized until H.B. No. 334 became effective in December 2012, which is after the time frame contained in Mobarak's indictment. The State filed an answer and motion to dismiss Mobarak's postconviction petition on December 22, 2014.

{¶ 5} In *Smith*, the defendant operated several stores. In August 2012, Smith was indicted on two counts of "trafficking in spice" and three counts of aggravated trafficking in drugs, a-PVP. (Franklin C.P. No. 12CR-3898.) *Smith* at ¶ 2. In October 2012, Smith was indicted on five counts of aggravated possession of drugs and five counts of trafficking in drugs involving a-PVPs. (Franklin C.P. No. 12CR-5477.) Smith filed a motion to dismiss in both cases arguing that at the relevant times of the indictments, sale or possession of a CSA were not defined as criminal offenses under Ohio law. The trial court granted the motions to dismiss. On appeal, this Court concluded that during the period from February through

---

[1] "Controlled-substance analogs are synthetic drugs that are chemically similar to and have the same effects as naturally occurring controlled substances." *State v. Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358, ¶ 1.
[2] Case No. 12CR-5582 is the primary case number. Case No. 12CR-3864 is "closed" according to the clerk's docket. The parties have filed documents in both case numbers.

July 2012 when the defendant was alleged to have possessed and sold a-PVP, R.C. 2925.03 and 2925.11 did not adequately state a positive prohibition and provide a penalty for violation of such prohibition on the sale or possession of CSAs.  Therefore, the acts Smith was alleged to have committed were not clearly defined as criminal offenses under the law as it existed at that time.  This Court affirmed the trial court's granting the motions to dismiss.[3]  The State of Ohio filed a notice of appeal from the *Smith* decision to the Supreme Court of Ohio on March 12, 2015.

{¶ 6}    In his direct appeal, Mobarak raised the *Smith* issue.  Relying on *Smith*, we determined that possession and trafficking of CSAs had not yet been criminalized at the time of Mobarak's offenses and sustained his first assignment of error and did not address his second, third, and fourth assignments of error, finding them rendered moot.  *State v. Mobarak*, 10th Dist. No. 14AP-517, 2015-Ohio-3007 ("*Mobarak I*").  The State of Ohio filed a notice of appeal to the Supreme Court of Ohio and a motion to stay.  The Supreme Court denied the motion to stay and Mobarak was released from prison.  The Supreme Court declined to accept jurisdiction over the *Smith* case on August 26, 2015.

{¶ 7}    After this Court's decision in *Mobarak I*, the Twelfth District Court of Appeals decided *State v. Shalash*, 12th Dist. No. CA2014-12-146, 2015-Ohio-3836, and determined that CSAs were criminalized by H.B. No. 64, which was effective in October 2011.  The Twelfth District certified a conflict between *Shalash*, 2015-Ohio-3836, *Smith*, *State v. Mohammad*, 10th Distr. No. 14AP-662, 2015-Ohio-1234, and *Mobarak I* from this Court.  The Supreme Court accepted jurisdiction in *Mobarak I* and held it for a ruling on the conflict.  The Supreme Court of Ohio determined that even though CSAs were not specifically proscribed by R.C. Title 29 for behavior occurring during 2011 up to and through February 2012, other provisions of the Revised Code incorporated CSAs into R.C. Title 29.  The court concluded that H.B. No. 64 criminalized CSAs, effective October 2011. *See State v. Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358.

{¶ 8}    On December 27, 2016, the Supreme Court reversed *Mobarak I* on the authority of *Shalash* and remanded the matter to this Court to consider Mobarak's second, third, and fourth assignments of error.  *See State v. Mobarak*, 150 Ohio St.3d 26, 2016-

---

[3] This Court also followed *Smith* in *State v. Mohammad*, 10th Dist. No. 14AP-662, 2015-Ohio-1234.

Ohio-8372 ("*Mobarak II*").   On remand, this Court affirmed Mobarak's convictions and sentence.  *State v. Mobarak*, 10th Dist. No. 14AP-517, 2017-Ohio-7999 ("*Mobarak III*").

{¶ 9}    During this time, Mobarak's postconviction petition remained pending.  On February 23, 2017, Mobarak sought leave to amend his postconviction petition to add a second claim arguing that the trial court denied him due process by failing to hold a prompt hearing on his original postconviction petition.  He also argues that he was denied equal protection on the grounds that the facts of his case and the facts in the *Smith* case are identical, however, Smith is not incarcerated.[4]  The State filed a motion to dismiss the petitions and a motion to revoke bond and enforce sentence.

{¶ 10} On June 12, 2018, the trial court denied both Mobarak's original postconviction petition and his amended postconviction petition, granted the state's motion to dismiss the petitions and granted the State's motion to revoke bond and enforce sentence.  Mobarak filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 11} Mobarak appeals and assigns the following assignment of error for our review:

> The trial judge's flagrant and complete inaction in the face of a statutory duty amounted to a violation of Mr. Mobarak's right to due process of law and was an abuse of the trial judge's discretion.

## III.  ANALYSIS

{¶ 12}  In his assignment of error, Mobarak argues that the trial judge's inaction on his postconviction petition was an abuse of discretion and violated Mobarak's due process rights.

{¶ 13} A petition for postconviction relief is governed by R.C. 2953.21, which provides:

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, any person who has been convicted of a criminal offense and sentenced to death and who claims that there was a denial or

---

[4] Mobarak's assignment of error only raises a due process violation but he also argues an equal protection violation.

infringement of the person's rights under either of those Constitutions that creates a reasonable probability of an altered verdict, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 14} The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).

{¶ 15} A petitioner is not automatically entitled to an evidentiary hearing on a postconviction relief petition. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). R.C. 2953.21(D) provides that "[b]efore granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief." Thus, the petitioner must first provide evidence that demonstrates a cognizable claim of constitutional error. *State v. Brime*, 10th Dist. No. 19AP-446, 2019-Ohio-4343, ¶ 8, citing *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9. "The evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio and/or United States Constitutions." *State v. Hoover-Moore*, 10th Dist. No. 07AP-788, 2008-Ohio-2020, ¶ 8, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 33. A postconviction relief petition may be denied without an evidentiary hearing where the petition and

supporting materials do not demonstrate substantive grounds for relief. *Brime* at ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282-83 (1999).

{¶ 16} We have acknowledged that "in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." (Internal quotations omitted.) *State v. Canada*, 10th Dist. No. 16AP-7, 2016-Ohio-5948, ¶ 17. The trial court's factual findings are reviewed for an abuse of discretion. *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. However, we review questions of law de novo. *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 17} Mobarak argues that the trial court's delay in holding a "prompt hearing" regarding his postconviction petition resulted in a denial of his due process rights. He claims that the delay "cost Mr. Mobarak his freedom." R.C. 2953.21(F); Mobarak's brief at 12.[5]

{¶ 18} Mobarak filed his original and amended petitions and his appeal documents in both case Nos. 12CR-5582 and 12CR-3864. Mobarak was not convicted of any crime in case No. 12CR-3864, and the clerks' docket shows the case is closed. The petition and its amendment were improperly filed in that case number and, therefore, the dismissal of the petitions in that case number is hereby affirmed.

{¶ 19} As stated, a petitioner is not automatically entitled to an evidentiary hearing on a postconviction relief petition. *Jackson* at 110. Under R.C. 2953.21(D),[6] a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. *Brime* at ¶ 8. In this case, the petition did not demonstrate substantive grounds for relief.

{¶ 20} Mobarak's original postconviction petition was barred by res judicata. "*Res judicata* is applicable in all postconviction relief proceedings." (Emphasis sic.) *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). The Supreme Court stated:

---

[5] R.C. 2953.21(F) provides: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."

[6] R.C. 2953.21(D) provides: "The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief."

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from the judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment.

(Emphasis sic.) *Id.* at syllabus.

{¶ 21} In his postconviction petition, Mobarak alleged that under *Smith*, CSAs were not criminalized until H.B. No. 334 became effective in December 2012, which is after the time period indicated in his indictment. Mobarak also raised the *Smith* issue in his direct appeal. *Mobarak I.* An issue that could have been raised and was raised in a direct appeal is barred by res judicata in a postconviction petition. *See State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997) ("[A] defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal."). Thus, Mobarak did not meet his initial burden of providing evidence that demonstrates a cognizable claim of constitutional error, and he was not entitled to a hearing on his postconviction petition. A trial court is not required to hold a hearing on a postconviction petition when the claims raised are barred by res judicata. *State v. Watts*, 10th Dist. No. 16AP-196, 2016-Ohio-7072, ¶ 10.

{¶ 22} Not only was Mobarak's original postconviction petition barred by res judicata, but his amended petition also fails. R.C. 2953.21(A)(1)(a) defines the grounds for which a petitioner can seek postconviction relief and includes three types of claims that are available in a postconviction petition: (1) a person convicted of a criminal offense who claims a denial or infringement of rights such as to render the judgment is void or voidable under the Ohio or the U.S. Constitution; (2) a person sentenced to death who claims that a denial or infringement of rights under either the Ohio or U.S. Constitution creates a reasonable probability of an altered verdict; or (3) a person convicted of a felony who claims that the judgment or sentence should be set aside because DNA evidence establishes actual innocence by clear and convincing evidence.

{¶ 23} Mobarak's claim that he was denied a prompt hearing is not contained within any of these categories under R.C. 2953.21 and an amendment to a petition for postconviction relief claiming such does not cure its failure under R.C. 2953.21. Mobarak's

argument that the trial court did not hold a prompt hearing and enter a judgment according to the requirements of *Smith* is an inappropriate claim for postconviction relief.

{¶ 24} Mobarak claims that he should not have to file a mandamus or procedendo action to seek redress for his claims. But when the essence of Mobarak's complaint is the absence of a ruling on his postconviction petition, he must utilize the appropriate action for redress of his grievance. A postconviction petition will not provide him the relief he states that he seeks.

{¶ 25} In *State ex rel. Sherrills v. Common Pleas*, 72 Ohio St.3d 461 (1995), the Supreme Court stated that "[a] writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *See also State ex rel. Gopp v. Wiest*, 141 Ohio St.3d 88, 2014-Ohio-4557, ¶ 3 ("A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment."); *State ex rel. Roberts v. Marsh*, 142 Ohio St.3d 481, 2014-Ohio-5242, ¶ 3 ("A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment."); *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995) ("Although mandamus will lie in cases of a courts undue delay in entering judgment, procedendo is more appropriate, since 'an inferior court[']s refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' *State ex rel. Levin v. Sheffield Lake*, (1994), 70 Ohio St.3d 104, 110."); *State ex rel. Lowe v. Common Pleas Court, Stark Cty.*, 49 Ohio St.2d 168, 168-69 (1977). No amendment to Mobarak's postconviction petition is sufficient to raise his contentions that he was denied a prompt hearing, and his allegations regarding any constitutional rights violations are not properly before us. Mobarak's assignment of error is overruled.

## IV. CONCLUSION

{¶ 26} For the foregoing reasons, Mobarak's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

———————————