[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Hogan*, Slip Opinion No. 2021-Ohio-3567.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3567

THE STATE EX REL. JONES, APPELLANT, *v.* HOGAN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jones v. Hogan*, Slip Opinion No. 2021-Ohio-3567.]**

*Mandamus and Prohibition—Mandamus is not available to challenge the insufficiency of evidence because the appellant had an adequate remedy at law by way of an appeal—Appellant's allegations fail to support a claim in prohibition because he did not establish that the trial-court judge patently and unambiguously lacked jurisdiction to hear his case—Appellant failed to state claims for which relief may be granted—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2021-0409—Submitted August 3, 2021—Decided October 7, 2021.)

APPEAL from the Court of Appeals for Franklin County, No. 20AP-319, 2021-Ohio-526.

_____

**Per Curiam.**

**{¶ 1}** This appeal involves a request by appellant, Antonio Jones, for writs of mandamus and prohibition to vacate his murder conviction. Jones seeks a new trial on reduced charges or resentencing on the lesser included offense of involuntary manslaughter. The court of appeals dismissed Jones's complaint. We affirm.

**{¶ 2}** Jones also has filed a motion asking this court to take judicial notice of several documents. We deny the motion.

## Background

**{¶ 3}** In 2014, Jones was convicted of murder in the Franklin County Court of Common Pleas. The Tenth District Court of Appeals affirmed his conviction on direct appeal. *See State v. Jones*, 10th Dist. Franklin No. 14AP-796, 2015-Ohio-2357. Jones later filed several postconviction motions and petitions, all of which were unsuccessful. *See State v. Jones*, 10th Dist. Franklin No. 16AP-13, 2016-Ohio-5387; *State v. Jones*, 10th Dist. Franklin No. 16AP-128, 2017-Ohio-1121; *State v. Jones*, 10th Dist. Franklin No. 17AP-431, 2018-Ohio-306; *State v. Jones*, 10th Dist. Franklin No. 18AP-59, 2018-Ohio-3463; *State v. Jones*, 10th Dist. Franklin No. 18AP-578, 2019-Ohio-1014.

**{¶ 4}** In June 2020, Jones filed a complaint for writs of mandamus and prohibition in the Tenth District against Judge Daniel Hogan, the now-retired judge who presided over his criminal case. Jones alleged that his conviction must be vacated because Judge Hogan committed "fraud" by convicting and sentencing him for murder after the judge acknowledged that Jones did not intend to kill the victim. Documents attached to the complaint show that Jones was convicted based on the theory of transferred intent (he intentionally shot at someone but killed someone else).

**{¶ 5}** The Tenth District granted Judge Hogan's motion to dismiss. The court held that res judicata bars Jones's mandamus claim and that Jones's

allegations fail to support a claim in prohibition because neither Judge Hogan nor a successor judge is about to act without jurisdiction.

{¶ 6} Jones appeals to this court as of right.

## Analysis

{¶ 7} To be entitled to a writ of mandamus, Jones must establish by clear and convincing evidence that he has a clear legal right to the relief he requests, that Judge Hogan has a clear legal duty to provide it, and that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. To dismiss Jones's claim pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that Jones can prove no set of facts in support of his claim that would entitle him to relief, after all factual allegations are presumed true and all reasonable inferences are made in his favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 8} The Tenth District determined that Jones's mandamus claim is barred under the doctrine of res judicata. Res judicata, however, is an affirmative defense that is not a proper basis for dismissal for failure to state a claim. *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 10. Nevertheless, we "will not reverse a correct judgment merely because erroneous reasons were given for it." *Id.* We affirm the dismissal of the mandamus claim on alternative grounds.

{¶ 9} Jones alleges that Judge Hogan committed "fraud" because the judge convicted and sentenced him for murder after acknowledging that he did not intend to kill the person who died. He argues that Judge Hogan violated his rights to due process and equal protection. In substance, however, Jones is arguing that Judge Hogan erred in denying his motion for acquittal under Crim.R. 29—i.e., that the

evidence was insufficient to sustain his conviction. Mandamus is not available to challenge the sufficiency of the evidence, because Jones had an adequate remedy at law by way of an appeal. *State ex rel. Thomas v. Franklin Cty. Court of Common Pleas*, 141 Ohio St.3d 547, 2015-Ohio-474, 26 N.E.3d 810, ¶ 4. The Tenth District, therefore, did not err in dismissing Jones's mandamus claim.

{¶ 10} The fact that Jones could have raised his claim on appeal also means that the Tenth District was correct to dismiss his prohibition claim. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7 (prohibition generally will not lie when the relator has an adequate remedy at law). To be sure, Jones need not prove the lack of an adequate legal remedy if Judge Hogan patently and unambiguously lacked jurisdiction. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. But Jones has not alleged facts that would support the conclusion that Judge Hogan—who had general jurisdiction to hear Jones's criminal case under R.C. 2931.03—patently and unambiguously lacked jurisdiction.

**Motion for Judicial Notice**

{¶ 11} Jones filed a motion for judicial notice, asking this court to take notice of a list of the state's exhibits in his criminal trial, written reports of police interviews of him and three other individuals, a document that appears to be a log of a call to the police concerning the incident for which he was convicted, and a document that appears to be part of an evidentiary stipulation. Under Evid.R. 201(B), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." We deny Jones's request because the documents attached to his motion fail to meet this standard.

**Conclusion**

{¶ 12} Because Jones failed to state claims for which relief may be granted, we affirm the Tenth District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

———————————

Antonio Jones, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Charles R. Ellis, Assistant Prosecuting Attorney, for appellee.

———————————