[Cite as *State ex rel. Mobarak v. Brown*, 2023-Ohio-436.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Soleiman Mobarak, | : | |
| Relator, | : | No. 22AP-482 |
| v. | : | REGULAR CALENDAR |
| Jeffrey M. Brown, Judge et al. | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on February 14, 2023

*Soleiman Mobarak*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Nickole K. Iula* for respondents.

IN MANDAMUS ON RESPONDENTS'
MOTION TO DISMISS

EDELSTEIN, J.

{¶ 1} Relator, Soleiman Mobarak, commenced this original action in mandamus seeking an order compelling respondents, Franklin County Court of Common Pleas Judge Jeffrey M. Brown and the Franklin County Court of Common Pleas, to vacate his criminal conviction. Respondents have filed a Civ.R. 12(B)(6) motion to dismiss the complaint. Relator has filed a motion to proceed in forma pauperis.

I. **Facts and Procedural History**

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends that this court grant respondents' motion to dismiss the action and deny as moot relator's motion to

proceed in forma pauperis. Mr. Mobarak has filed an objection to the magistrate's decision. As such, we must independently review the record and the magistrate's decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 3} In 2012, the state of Ohio charged Mr. Mobarak with several counts of engaging in a pattern of corrupt activity, aggravated trafficking in drugs, and aggravated possession of drugs. The charges alleged that Mr. Mobarak possessed and sold alpha-Pyrrolidinopentiophenone ("A-PVP"), a controlled substance analog commonly known as bath salts. Following trial, a jury returned verdicts finding Mr. Mobarak guilty and the trial court sentenced Mr. Mobarak to 35 years imprisonment.

{¶ 4} In *State v. Mobarak*, 10th Dist. No. 14AP-517, 2015-Ohio-3007 ("*Mobarak I*"), this court reversed Mr. Mobarak's convictions, concluding that "possession and trafficking of controlled substance analogs had not yet been criminalized as of the time of appellant's offenses." *Id.* at ¶ 9. In *State v. Mobarak*, 150 Ohio St.3d 26, 2016-Ohio-8372 ("*Mobarak II*"), the Supreme Court of Ohio reversed *Mobarak I* on the authority of *State v. Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358. *See Shalash* at ¶ 13, quoting R.C. 3719.013 (holding that, effective October 17, 2011, R.C. 3719.013 "incorporated controlled-substance analogs into R.C. Title 29"). On remand following *Mobarak II*, we overruled Mr. Mobarak's remaining assignments of error and affirmed his convictions. *State v. Mobarak*, 10th Dist. No. 14AP-517, 2017-Ohio-7999 ("*Mobarak III*"). Mr. Mobarak subsequently filed a petition for postconviction relief, and in *State v. Mobarak*, 10th Dist. No. 18AP-540, 2020-Ohio-249 ("*Mobarak IV*"), this court affirmed the trial court's denial of his petition.

{¶ 5} On June 16, 2022, Mr. Mobarak filed a motion in the trial court seeking to vacate his judgment of conviction for lack of subject-matter jurisdiction. The trial court issued a decision denying the motion on July 11, 2022. He did not appeal that determination.

{¶ 6} Mr. Mobarak filed the present complaint in mandamus on August 8, 2022. He attached his June 16, 2022 motion, the trial court's July 11, 2022 entry, the underlying indictment, and other documents to the complaint. Mr. Mobarak's complaint asserts the trial court lacked subject-matter jurisdiction over his criminal case because no statute criminalized possessing or selling bath salts or controlled substance analogs at the time

Mr. Mobarak committed the offenses. (Aug. 8, 2022 Compl. at 3-4.) The magistrate concluded that Mr. Mobarak had an adequate remedy at law which precluded relief in mandamus because he could have challenged the trial court's alleged lack of subject-matter jurisdiction in his direct appeal, petition for postconviction relief, or by appealing the trial court's July 11, 2022 entry denying the motion to vacate.

{¶ 7}   In his objection to the magistrate's decision, Mr. Mobarak acknowledges that the trial court "had Subject Matter Jurisdiction over the offenses of Possessing and Trafficking in Controlled Substances," but asserts the court lacked jurisdiction in his case because "no statute specifically criminalized either substance that [Mr. Mobarak] possessed and sold." (Sept. 13, 2022 Obj. at 9.) Mr. Mobarak asserts that, because the trial court lacked jurisdiction, he could seek relief in mandamus regardless of the availability of an appeal.

## II. Analysis

{¶ 8}   To be entitled to a writ of mandamus, a relator must establish (1) a clear legal right to the relief prayed for, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). " 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Id.* at 548, quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 224 (1979).

{¶ 9}   A court may dismiss a complaint seeking a writ of mandamus pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling them to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, ¶ 8. Documents attached to a pleading are considered part of the pleading for all purposes. Civ.R. 10(C). A court may take judicial notice of pleadings and orders in related cases without converting a motion to dismiss to a motion for summary

judgment. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8; *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9; *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10.

{¶ 10} Mr. Mobarak's complaint and the attached documents demonstrate that Mr. Mobarak could have raised his claims regarding the trial court's lack of subject-matter jurisdiction in his direct appeal, petition for postconviction relief, or in an appeal from the trial court's July 11, 2022 entry. As such, the magistrate correctly determined that Mr. Mobarak had an adequate remedy at law which precludes relief in mandamus. *See State ex rel. Sobczak v. Skow*, 49 Ohio St.3d 13, 14 (1990) (affirming a Civ.R. 12(B)(6) dismissal "based on the principle that mandamus cannot be used as a substitute for appeal"); *State ex rel. McCall v. Batchelor*, 5th Dist. No. 2022CA0019, 2022-Ohio-2982, ¶ 11-12 (granting respondent's Civ.R. 12(B)(6) motion to dismiss, as relator had an adequate remedy at law by way of appeal).

{¶ 11} Although certain statements in the magistrate's decision indicate that res judicata also bars Mr. Mobarak's complaint in mandamus, the Supreme Court has held that res judicata "is an affirmative defense that is not a proper basis for dismissal for failure to state a claim." *State ex rel. Jones v. Hogan*, 166 Ohio St.3d 213, 2021-Ohio-3567, ¶ 8. However, as the magistrate specifically recommends granting respondents' motion to dismiss because Mr. Mobarak had an adequate remedy at law, we adopt the magistrate's conclusion that Mr. Mobarak had an adequate remedy at law and modify the magistrate's decision to remove any reference to res judicata.

{¶ 12} Mr. Mobarak relies on *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135 to support his contention that he is entitled to relief in mandamus in the present case. (Obj. at 2-3.) In *D'Apolito*, the Supreme Court held that " '[m]andamus will lie where it is apparent from the record that the inferior court had no jurisdiction, and the writ will lie even though the party aggrieved may also be entitled to appeal.' " *Id.* at ¶ 8, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184 (1990). The relator in *D'Apolito* sought a writ of mandamus to compel the trial court to vacate a default judgment and decree of foreclosure, alleging the trial court lacked jurisdiction to enter the judgment due to a failure of service of summons. The court of appeals concluded the relator had an adequate remedy at law by way of appeal from the default judgment and dismissed. The

Supreme Court reversed, finding that because the record from the foreclosure action failed to conclusively demonstrate relator received service, the facts alleged in relator's complaint could establish the trial court lacked jurisdiction and therefore entitle relator to relief in mandamus. *Id*. at ¶ 12-13.

{¶ 13} Mr. Mobarak's complaint fails to allege facts that could support his contention that the trial court lacked subject-matter jurisdiction. Rather, Mr. Mobarak relies solely on unsupported legal conclusions in the complaint to support his jurisdictional arguments. Unsupported legal conclusions in a complaint " 'are not considered admitted when determining whether to grant extraordinary relief and are insufficient to withstand a motion to dismiss.' " *State ex rel. Russell v. Yost*, 10th Dist. No. 21AP-603, 2022-Ohio-4778, ¶ 13, quoting *State ex rel. Bell v. Pfeiffer*, 10th Dist. No. 10AP-490, 2011-Ohio-2539, ¶ 13. *See also State ex rel. Duncan v. Am. Transm. Sys.*, 166 Ohio St.3d 416, 2022-Ohio-323, ¶ 10, quoting *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, ¶ 12 (stating that " 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss' ").

{¶ 14} The Ohio Constitution provides that courts of common pleas "shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4(B). R.C. 2931.03 provides that courts of common pleas have "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Thus, pursuant to R.C. 2931.03, " 'a common pleas court has subject-matter jurisdiction over felony cases.' " *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8.

{¶ 15} The indictment from the underlying criminal case demonstrates that the state charged Mr. Mobarak with several felony offenses. Accordingly, the trial court had subject-matter jurisdiction over Mr. Mobarak's felony case. Mr. Mobarak's contention, that the trial court lacked subject-matter jurisdiction because bath salts were not yet defined as a controlled substance during the relevant time frame, essentially asserts the evidence was insufficient to sustain his conviction under the applicable law. "Mandamus is not available to challenge the sufficiency of the evidence, because [relator] had an adequate remedy at law by way of an appeal." *Hogan*, 166 Ohio St.3d 213, 2021-Ohio-3567, ¶ 9, citing *State ex*

*rel. Thomas v. Franklin Cty. Court of Common Pleas*, 141 Ohio St.3d 547, 2015-Ohio-474, ¶ 4. Moreover, "any error in the exercise of [a court's] jurisdiction renders the court's judgment voidable, not void," and a voidable judgment generally "may be set aside only if successfully challenged on direct appeal." *Harper* at ¶ 26. *See also State ex rel. Mitchell v. Pittman*, ___Ohio St.3d___, 2022-Ohio-2542, ¶ 13 (holding that mandamus "is not available to attack the validity or sufficiency of a charging instrument"). As Mr. Mobarak's complaint failed to allege the trial court lacked subject-matter jurisdiction under any viable legal theory, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

## III.  Conclusion

{¶ 16} Following an independent review of this matter, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule the objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein, but modify the magistrate's decision as stated in this decision. We grant respondents' motion to dismiss the complaint for a writ of mandamus, dismiss the action, and find Mr. Mobarak's motion to proceed in forma pauperis moot.

*Objection overruled; motion to dismiss granted; action dismissed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

_____

A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Soleiman Mobarak, | : | |
| Relator, | : | |
| v. | : | No. 22AP-482 |
| Jeffrey M. Brown, Judge et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 1, 2022

*Soleiman Mobarak,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Nickole K. Iula,* for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 17} Relator, Soleiman Mobarak, has filed this original action seeking a writ of mandamus ordering respondents, Franklin County Court of Common Pleas Judge Jeffrey M. Brown and the Franklin County Court of Common Pleas, to vacate his criminal conviction. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has also filed a motion to proceed in forma pauperis.

Findings of Fact:

{¶ 18} 1. Relator is incarcerated at the Noble Correctional Institution in Caldwell, Ohio at the time of the filing of this action.

{¶ 19} 2. Respondent Judge Jeffrey M. Brown is a public official serving as a judge at the Franklin County Court of Common Pleas.

{¶ 20} 3. The facts and procedural history giving rise to this matter are summarized in this court's decisions on direct appeal from relator's conviction. In *State v. Mobarak*, 10th Dist. No. 14AP-517, 2015-Ohio-3007 ("*Mobarak I*"), this court reviewed the trial court's judgment entry finding relator was guilty, pursuant to a jury verdict, of certain offenses related to relator's possession and sale of substances referred to in relator's complaint as "bath salts" and "spice." (Compl. at 2.) Specifically, relator was found guilty of the following offenses: (1) engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a felony of the first degree, with a specific factual finding that one or more instances of corrupt activity involved a felony of the first degree and, separately, that one or more instances of corrupt activity involved a felony of the second or third degree; (2) aggravated trafficking in drugs in violation of R.C. 2925.03, a felony of the second degree, with a specific factual finding that a-Pyrrolidinopentiophenone ("A-PVP") was a controlled substance analog; (3) aggravated possession of drugs in violation of R.C. 2925.03, a felony of the fourth degree, with a specific factual finding that A-PVP was a controlled substance analog; (4) aggravated trafficking in drugs, in violation of R.C. 2925.03, a second-degree felony (with a specific factual finding that A-PVP was a controlled substance analog); aggravated possession of drugs, in violation of R.C. 2925.11, a second-degree felony (with a specific factual finding that A-PVP was a controlled substance analog); aggravated trafficking in drugs, in violation of R.C. 2925.03, a first-degree felony (with a specific factual finding that A-PVP was a controlled substance analog); and aggravated possession of drugs, in violation of R.C. 2925.11, a first-degree felony (with a specific factual finding that A-PVP was a controlled substance analog). The jury also made findings as to the bulk amount issues on the drug counts. This court found possession and trafficking of controlled substance analogs had not yet been criminalized at the time of relator's offenses and reversed the judgment of the Franklin County Court of Common Pleas, rendering relator's remaining assignments of error moot.

{¶ 21} 4. Following this court's decision in *Mobarak I*, the Supreme Court of Ohio reversed on the authority of *State v. Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358 and remanded the matter for further proceedings. *State v. Mobarak*, 150 Ohio St.3d 26, 2016-Ohio-8372 ("*Mobarak II*"). On remand, this court overruled relator's remaining three assignments of error and affirmed relator's conviction. *State v. Mobarak*, 10th Dist. No. 14AP-517, 2017-Ohio-7999 ("*Mobarak III*"). Specifically, the court found that "the 'controlled substance analog' statute under which [relator] was convicted was not unconstitutionally vague on its face or in its application, and his conviction did not violate his constitutional right to due process of law." *Id*. at ¶ 17. This court also found that the trial court did not err when it denied relator's motion in limine to exclude expert testimony or by sentencing relator to consecutive sentences.

{¶ 22} 5. Next, in *State v. Mobarak* ("*Mobarak IV*"), 10th Dist. No. 18AP-540, 2020-Ohio-249, this court affirmed the trial court's denial of relator's petition for postconviction relief. This court found that issues raised by relator in his postconviction petition related to the criminalization of controlled substance analogs after the time period indicated in his indictment were barred by res judicata.

{¶ 23} 6. On June 16, 2022, relator filed in the trial court a motion to vacate his judgment of conviction for want of subject-matter jurisdiction. The trial court filed an entry denying his motion on July 11, 2022. Relator attached copies of both his June 16, 2022 motion and the trial court's July 11, 2022 entry to his complaint in the instant matter.

{¶ 24} 7. On August 8, 2022, relator filed a complaint in mandamus in the instant action.

{¶ 25} 8. On August 11, 2022, respondents filed a motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

{¶ 26} 9. The original action is now before the magistrate on respondents' August 11, 2022 motion to dismiss.

Discussion and Conclusions of Law:

{¶ 27} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of*

*Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

{¶ 28} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 29} In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the relief requested, (2) the respondents are under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). "A complaint in mandamus states a claim if it alleges 'the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *State ex rel. Bush*, 42 Ohio St.3d 77, 80 (1989), quoting *State ex rel. Alford v. Willoughby*, 58 Ohio St.2d 221, 224 (1979).

{¶ 30} When determining whether a relator's complaint states a claim for a writ, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. "Ohio

courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, quoting *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

{¶ 31} In his complaint, relator seeks an order requiring the trial court to vacate the judgment of conviction. Relator argues that he has a clear legal right to such relief because the trial court lacked subject-matter jurisdiction. Relator provides three reasons the trial court lacked subject-matter jurisdiction: (1) definitions under Ohio law at the time of the offenses were insufficient to criminalize "bath salts" and "spice," including under laws regarding "Controlled Substance Analogs"; (2) the indictment failed to describe all of the elements essential to the charged offenses; and (3) the law regarding "Controlled Substance Analogs" was unconstitutionally vague. (Compl. at 3-4.) Respondents argue that (1) the court of common pleas is not a proper party and should be dismissed, and (2) relator has failed to demonstrate entitlement to a writ of mandamus because questions of subject-matter jurisdiction are outside the scope of review in a mandamus action.

{¶ 32} "It is firmly established that the writ of mandamus will not issue '* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' " *Berger* at 30, quoting *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 88 (1966). *See State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 10th Dist. No. 20AP-62, 2021-Ohio-923, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). *See also State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, ¶ 7, quoting *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995) (stating that " 'a claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits' and that 'a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution' ").

{¶ 33} Here, relator pursued a remedy in the ordinary course of law. In addition to the direct appeal of his conviction and his petition for postconviction relief, avenues through which he may have challenged the subject-matter jurisdiction of the trial court, relator filed in the trial court a motion to vacate his judgment of conviction due to lack of subject-matter jurisdiction. Following the denial of the motion, relator could have pursued an appeal. "The availability of an appeal is an adequate remedy sufficient to preclude a writ." *State ex rel. Luoma v. Russo*, 141 Ohio St.3d 53, 2014-Ohio-4532, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus. *See State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249 (1992) ("[E]xtraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue."). Permitting another collateral attack on a conviction through mandamus would "undermine the finality of all criminal judgments by permitting the endless relitigation of a court's jurisdiction when the offender has already had a full and fair opportunity to be heard." *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, ¶ 13. *See Ins. Corp. of Ir., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982), fn. 9 ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations -- both subject matter and personal."). *See also State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, ¶ 9, quoting *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053 ¶ 12 (stating that a "petitioner 'may not use habeas corpus to gain successive appellate reviews of the same issue' "). Thus, an adequate remedy in the ordinary course of law was available to relator through appeal and he cannot now avail himself of another attempt to obtain relief through the extraordinary writ of mandamus. *State ex rel. Schneider v. Bd. of Edn. of N. Olmsted City School Dist.*, 65 Ohio St.3d 348, 350 (1992) ("failure to pursue an appeal in the underlying case prevents a collateral attack on the judgment in mandamus under res judicata"); *State ex rel. Cartmell v. Dorrian*, 11 Ohio St.3d 177, 178 (1984).

{¶ 34} Accordingly, the magistrate recommends the court grant respondents' motion to dismiss relator's complaint for a writ of mandamus and deny relator's motion to proceed in forma pauperis.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).