[Cite as *State v. Glenn*, 2023-Ohio-4654.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 112696 |
| v. | : | |
| DANIEL GLENN, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 21, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668526-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Eben O. McNair and Daniel T. Van, Assistant
Prosecuting Attorneys, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Plaintiff-appellant the state of Ohio ("the state") appeals the judgment of the Cuyahoga County Court of Common Pleas ordering the return of property in the custody of law enforcement despite the state's intent to utilize the property in a future indictment or retrial. After a thorough review of the record and law, this court reverses and remands for further proceedings consistent with this opinion.

# I. Factual and Procedural History

{¶ 2} In January 2022, a 17-count indictment was returned against defendant-appellee Daniel Glenn ("Glenn") stemming from the murder of Daniel Scholz and Kara Odom, who were found shot to death in a vehicle on Thanksgiving Day in 2021.

{¶ 3} During the pendency of the instant matter, Glenn was charged in a separate matter, Cuyahoga C.P. No. CR-22-672463-B, with three counts of attempted murder, four counts of felonious assault, discharge of firearm on or near prohibited premises, improperly handling firearms in a motor vehicle, and having weapons while under disability.

{¶ 4} On January 19, 2023, the state filed a motion to continue the trial, noting that the state was engaged in a separate double-homicide trial and that Glenn's counsel did not oppose the continuance.

{¶ 5} On the date the trial was to commence, at a hearing, the state further explained its basis for the continuance, noting that several pieces of discovery were still outstanding. Particularly, the state noted that it was still waiting for a ballistics report and waiting for several cell phones to be "cracked" so that the data therein could be retrieved. Both the state and Glenn's counsel also indicated that they were occupied with trials scheduled for the same time as this matter and were unprepared for trial.

{¶ 6} During a later pretrial in January 2023, the state moved to dismiss the case without prejudice, explaining that it "had insufficient evidence at this time to

proceed to trial and this case needs additional investigation." (Tr. 67.) The court granted the motion and ordered the defendant released.

{¶ 7} On March 14, 2023, Glenn filed a "motion to release property" asking the court to order the release of property that was seized as evidence in the following matter, including "car titles of Laura St. Clair; an iPhone 8; an iPhone 11; two iPhone 13 Pros; and Mr. Glenn's identification card." Glenn's motion simply alleged that he did not believe the state required the property for any further evidentiary purposes. Twenty-seven days later, the trial court granted the motion, noting that the state had not opposed the motion.

{¶ 8} The state commenced the instant appeal, assigning a single error for our review:

> The trial court abused its discretion and committed [reversible] error by ordering the return of property, without a hearing, in law enforcement custody which the [state] intended to use in a re-trial.

## II. Law and Analysis

{¶ 9} In its sole assignment of error, the state argues that the trial court erred in granting Glenn's motion because "the court knew the [state] intended to use the phones as evidence to re-indict Glenn" and erred in returning the property without a hearing. Glenn did not file a responsive brief.

{¶ 10} A law enforcement agency's authority to retain property, even after dismissal of a case, is derived from R.C. 2981.11(A)(1), directing that

> [a]ny property that has been * * * seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a

> law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose[.]

*State v. Holloway*, 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 23.

{¶ 11} When the evidence could be used during a potential retrial, various Ohio courts have applied this provision as authority that law enforcement could continue to retain the property. *See, e.g. State v. Metz,* 8th Dist. Cuyahoga No. 107945, 2019-Ohio-3370, ¶ 12 ("Metz's cell phone is a piece of evidence that could be used during a potential retrial"); *State v. Thompson,* 2d Dist. Montgomery No. 27989, 2018-Ohio-4690, ¶ 17 ("[R]egardless of their evidentiary weight, the cell phones are pieces of evidence that could be used during a potential retrial, and thus may be held pursuant to R.C. 2981.11(A)."); *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 12 ("There is, however, ample documentation in the record that it was the state's intent to resubmit appellant's case to the grand jury."); *State v. Rivera*, 6th Dist. Lucas No. L-13-1170, 2014-Ohio-742, ¶ 7 ("[T]here is a possibility that the seized property might need to be used as evidence in a future retrial."). *Compare In re Seizure of Approximately $20,000 United States Currency*, 8th Dist. Cuyahoga No. 104850, 2017-Ohio-1452, ¶ 18 ("Here, however, the state only made a bare assertion that the investigation was ongoing and that Fletcher was a person of interest, without presenting any evidence of a current ongoing investigation regarding the homicide and Fletcher.").

{¶ 12} A request for the return of seized property may be pursued three ways: "as a civil replevin action, through a motion within an existing forfeiture proceeding,

or through a post-dismissal or postconviction motion pursuant to R.C. 2981.03(A)(4) or R.C. 2981.11(A)(1)." *State v. Martre*, 6th Dist. Lucas No. L-21-1199, 2022-Ohio-639, ¶ 23, citing *State v. Holloway*, 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 11-24.

{¶ 13} Applicable to the instant matter, "R.C. 2981.03(A)(4) permits a person 'aggrieved by an alleged unlawful seizure of property' to seek relief from seizure." *State v. Moreno*, 2017-Ohio-479, 85 N.E.3d 238, ¶ 22 (2d Dist.), quoting R.C. 2981.03(A)(4). *See also State v. Leet*, 2021-Ohio-1334, 171 N.E.3d 835, ¶ 15 (2d Dist.). "R.C. 2981.03(A)(4) encompasses claims for the return of property that has been seized, even when the [state] has not pursued forfeiture." *Moreno* at ¶ 26; *Thompson* at ¶ 10, citing *State v. Germany*, 1st Dist. Hamilton No. C-130777, 2014-Ohio-3202, ¶ 11. *See also State v. Waycaster*, 8th Dist. Cuyahoga No. 108476, 2020-Ohio-1604, ¶ 13 (discussing the differences between property that has been "seized" versus "forfeited."). Therefore, the trial court's authority to return the property is governed by R.C. 2981.03(A)(4), that pertinently provides:

> A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return. If the motion is filed before an indictment, information, or a complaint seeking forfeiture of the property is filed, the court shall schedule a hearing on the motion not later than twenty-one days after it is filed. The court may extend the time for the hearing on the motion by consent of the parties or for good cause shown. At the hearing, if the property seized is titled or registered under law, the state or political subdivision shall demonstrate by a preponderance of the evidence that the seizure was lawful and that the person is not entitled to the property. If the property seized is not titled or registered under law, the person shall demonstrate by a

preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property.

{¶ 14} The record does not reflect that the state was seeking forfeiture nor was there an active indictment due to the fact that the state had voluntarily dismissed the case and then the motion for return of property was filed. As such, R.C. 2981.03(A)(4) dictates that the court was required to hold a hearing on the motion "not later than twenty-one days" after the motion was filed and receive evidence pursuant to the standards set based on whether the property was titled or registered under law. We note that this hearing is important in the instant matter, where Glenn's motion did not indicate, especially not by a preponderance of the evidence, that Glenn himself was entitled to the property requested — especially because, on its face, the motion indicates that the seized car title was in another person's name (indicating that it is "titled or registered under the law") and it is unknown whether all of the seized phones (which are typically not "titled or registered under the law") belonged to Glenn.

{¶ 15} The trial court acted contrary to law in failing to hold the requisite hearing pursuant to R.C. 2981.03(A)(4). *See Jenkins v. Cleveland*, 8th Dist. Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 25. Accordingly, the state's sole assignment of error is sustained, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

### III. Conclusion

{¶ 16} The trial court failed to hold a hearing on Glenn's motion to release his property, as is statutorily required pursuant to R.C. 2981.03(A)(4). As a result, the trial court's order is reversed and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR