[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobarak v. Brown*, Slip Opinion No. 2024-Ohio-221.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-221

THE STATE EX REL. MOBARAK, APPELLANT, *v.* BROWN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobarak v. Brown*, Slip Opinion No. 2024-Ohio-221.]**

*Mandamus—Petition failed to state a mandamus claim because appellant had adequate remedy in ordinary course of law and failed to show that trial court had patently and unambiguously lacked jurisdiction over his criminal case—Court of appeals' judgment dismissing petition affirmed.*

(No. 2023-0369—Submitted September 26, 2023—Decided January 25, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 22AP-482, 2023-Ohio-436.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Soleiman Mobarak, appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of mandamus against appellee, Franklin County Court of Common Pleas Judge Jeffrey M. Brown.

Mobarak petitioned the court of appeals to vacate his criminal convictions for lack of subject-matter jurisdiction in the trial court. The court of appeals held that the trial court had not lacked jurisdiction over Mobarak's criminal case and that Mobarak had an adequate remedy in the ordinary course of the law. We affirm.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2012, Mobarak was indicted on charges of engaging in a pattern of corrupt activity, aggravated trafficking in drugs, and aggravated possession of drugs. The charges alleged that Mobarak had possessed and sold a controlled-substance analog commonly known as bath salts. Following a jury trial, Mobarak was found guilty and the trial court sentenced him to 35 years in prison. On direct appeal, the Tenth District reversed Mobarak's convictions, concluding that "possession and trafficking of controlled substance analogs had not yet been criminalized as of the time of [Mobarak's] offenses." *State v. Mobarak*, 10th Dist. Franklin No. 14AP-517, 2015-Ohio-3007, ¶ 9 ("*Mobarak I*"). This court reversed the court of appeals' judgment based on *State v. Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358, 71 N.E.3d 1089. *State v. Mobarak*, 150 Ohio St.3d 26, 2016-Ohio-8372, 78 N.E.3d 832, ¶ 1 ("*Mobarak II*"). In *Shalash*, this court held that "[a]lthough controlled-substance analogs were not specifically proscribed by R.C. Title 29 [in October 2011], other provisions of the Revised Code incorporated controlled-substance analogs into R.C. Title 29." *Id.* at ¶ 13, citing R.C. 3719.013. This court remanded Mobarak's case to the Tenth District for further proceedings consistent with *Shalash*. *Mobarak II* at ¶ 1. On remand, the court of appeals affirmed Mobarak's convictions. *State v. Mobarak*, 2017-Ohio-7999, 98 N.E.3d 1023, ¶ 37 (10th Dist.) ("*Mobarak III*").

{¶ 3} In August 2022, Mobarak petitioned the Tenth District for a writ of mandamus. His petition asserted that the trial court had lacked subject-matter jurisdiction over his criminal case because (1) there was no statute prohibiting the possession or sale of bath salts at the time his offenses were alleged to have

occurred, (2) bath salts were not controlled-substance analogs under Ohio law prior to October 2011, (3) his indictment failed to set out all the elements of the charges of possession or trafficking, and (4) the controlled-substance-analogs law was unconstitutionally vague. Mobarak asked the court of appeals to order Judge Brown to vacate his convictions.

{¶ 4} Judge Brown filed a Civ.R. 12(B)(6) motion to dismiss. The motion argued several reasons for dismissal, including that Mobarak had a plain and adequate remedy in the ordinary course of the law. A magistrate recommended dismissing Mobarak's petition because he had an adequate legal remedy. The court of appeals adopted the magistrate's decision and dismissed the petition. The court found that Mobarak's allegation that the trial court had lacked subject-matter jurisdiction was an unsupported legal conclusion. Mobarak appealed to this court as of right.

**ANALYSIS**

{¶ 5} To dismiss a claim pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations are presumed true and all reasonable inferences are made in his favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). This court reviews de novo the court of appeals' dismissal of Mobarak's petition. *See State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 6} To obtain a writ of mandamus, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. If the respondent's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an

adequate remedy in the ordinary course of the law. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 62.

{¶ 7} The court of appeals correctly held that Mobarak's petition failed to state a mandamus claim because he had an adequate remedy in the ordinary course of the law and failed to show that the trial court had patently and unambiguously lacked jurisdiction over his criminal case. The Ohio Constitution provides, "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4(B). This court has held that "the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891). The "provided by law" qualification of Article IV means that there must be a statutory basis for jurisdiction. R.C. 2931.03 provides that basis, granting the courts of common pleas "original jurisdiction [over] all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Mobarak was charged with multiple felonies. *Mobarak I*, 2015-Ohio-3007, at ¶ 1 (listing charges). By virtue of the Ohio Constitution and R.C. 2931.03, the trial court had jurisdiction over Mobarak's criminal case.

{¶ 8} This court recently affirmed the dismissal of a similar action. In *State ex rel. Boler v. McCarthy*, 170 Ohio St.3d 392, 2023-Ohio-500, 213 N.E.3d 690, ¶ 3, the relator sought writs of mandamus and prohibition to vacate his criminal convictions. Boler argued that the "trial court [had] lacked jurisdiction to * * * misconstrue and misapply Ohio's aggravated-robbery statute." *Id.* In rejecting this argument, this court stated, "[T]he trial court plainly had subject-matter jurisdiction over Boler's criminal case under R.C. 2931.03, which gives common pleas courts subject-matter jurisdiction over felony cases. Boler has not identified any statute

that removed the trial court's jurisdiction." *Id*. at ¶ 9, citing *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9 ("when we have found that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction"). Like Boler, Mobarak attempts to challenge his convictions in jurisdictional terms but fails to point to any authority supporting his claim that the trial court had lacked jurisdiction over his criminal case.

{¶ 9} Moreover, Mobarak argues that because neither bath salts nor control-substance analogs were criminalized prior to 2012, the trial court had lacked jurisdiction over his criminal case. He similarly argues that R.C. 3719.01 and 3719.013, the statutes defining a "controlled-substance analog," are unconstitutionally vague. These arguments are substantially similar to those raised and rejected in Mobarak's prior appeals. *See Mobarak II*, 150 Ohio St.3d 26, 2016-Ohio-8372, 78 N.E.3d 832, at ¶ 1 (reversing *Mobarak I* under the authority of *Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358, 71 N.E.3d 1089, which found that controlled-substance analogs were criminalized as of October 17, 2011); *Mobarak III*, 2017-Ohio-7999, 98 N.E.3d 1023, at ¶ 17 ("we find the 'controlled substance analog' statute under which [Mobarak] was convicted was not unconstitutionally vague on its face or in its application"). This court has "routinely held that extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue." *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992). "[T]he fact that a prior appeal was unsuccessful or even wrongly decided does not mean that it was not an *adequate* remedy." (Emphasis sic.) *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11, citing *State ex rel. Walker v. State*, 142 Ohio St.3d 365, 2015-Ohio-1481, 30 N.E.3d 947, ¶ 14, and *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶ 1. The

court of appeals correctly dismissed Mobarak's claim because he had an adequate remedy in the ordinary course of the law.

## CONCLUSION

{¶ 10} We affirm the Tenth District Court of Appeals' judgment dismissing Mobarak's petition for a writ of mandamus.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, STEWART, and DETERS, JJ., concur.

DONNELLY, J., concurs in judgment only, with an opinion.

BRUNNER, J., not participating.

_____

**DONNELLY, J., concurring in judgment only.**

{¶ 11} This case is disturbing. Soleiman Mobarak filed an original action in mandamus in the Tenth District Court of Appeals, alleging that the Franklin County Court of Common Pleas had lacked subject-matter jurisdiction over his criminal case. In support of his claim, he asserted that the conduct for which he was convicted—the sale of controlled-substance analogs—was not criminalized when he allegedly committed the conduct, thereby depriving the trial court of jurisdiction. The Tenth District dismissed Mobarak's mandamus petition, finding that Mobarak possessed an adequate remedy in the ordinary course of the law and that he had presented unsupported legal conclusions in the petition relating to the trial court's purported lack of jurisdiction. 2023-Ohio-436, ¶ 10-11, 13-15. This court now affirms that conclusion. Because there are procedural bars to Mobarak's seeking equitable relief here, I am compelled to accept this court's judgment. But my conscience compels me to express my concerns about the issues raised in Mobarak's appeal.

{¶ 12} To prevail on his mandamus claim, Mobarak must demonstrate by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide the relief, and (3) the lack

of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. But Mobarak need not show the lack of an adequate remedy in the ordinary course of the law if the respondent's lack of jurisdiction is patent and unambiguous. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 62. The crux of Mobarak's claim is that the trial court lacked subject-matter jurisdiction because the conduct for which he was convicted was not criminalized when he allegedly committed it. And I believe there is merit to that claim.

**{¶ 13}** Under Ohio's Constitution, the courts of common pleas are courts of general jurisdiction, possessing original jurisdiction over all justiciable matters as may be provided by law. Ohio Constitution, Article IV, Section 4(B). This includes having "original jurisdiction of all crimes and offenses" that are not otherwise entrusted to another tribunal. R.C. 2931.03. According to the majority opinion, these provisions support the conclusion that the trial court possessed subject-matter jurisdiction over Mobarak's criminal case. The majority reasons that because courts of common pleas have subject-matter jurisdiction over felony cases and Mobarak was charged with multiple felonies, the Franklin County Court of Common Pleas had jurisdiction over Mobarak's criminal case. Majority opinion, ¶ 7. But this conclusion elides the operative question that Mobarak raises: Was the conduct for which he was charged and convicted a felony? Answering that question requires more analysis than the majority opinion provides.

**{¶ 14}** Criminal laws should inform the public of which conduct is prohibited and which is not. Ohio achieves this end by making its criminal law a creation of statute: "No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code." R.C. 2901.03(A). A criminal offense is defined "when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty." R.C. 2901.03(B). Because

criminal offenses are statutory in nature, the elements for determining criminal liability must be drawn wholly from the statutory text. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 10. Thus, for the trial court to have had jurisdiction over Mobarak's criminal case, the Revised Code must set out a prohibited act, with a corresponding penalty, that Mobarak was accused of committing. Moreover, the elements of the alleged criminal act can come only from the statutory text.

{¶ 15} Mobarak was charged with and convicted of engaging in a pattern of corrupt activity, aggravated trafficking in drugs, and aggravated possession of drugs, all stemming from his alleged sale and possession of a controlled-substance analog known as bath salts. But at the time of Mobarak's alleged conduct, the statutes that criminalized the sale or possession of drugs referred only to "a controlled substance." The General Assembly's amendments to R.C. 2925.03 and 2925.11 criminalizing the sale or possession of "a controlled substance analog" did not become effective until December 20, 2012. 2012 Sub.H.B. No. 334. Mobarak's alleged conduct occurred from March through July 2012; during that time, nothing in R.C. 2925.03 or 2925.11 suggested that the sale or possession of a controlled-substance analog was a criminal offense, nor did either statute lay out a penalty for engaging in that conduct. In short, while R.C. 2925.03 and 2925.11 prescribed a crime for the sale or possession of controlled substances, these statutes did not prescribe a crime for Mobarak's conduct—the sale or possession of controlled-substance *analogs*. Absent a crime having been committed, I am not convinced that there was a justiciable matter over which the trial court possessed subject-matter jurisdiction in Mobarak's criminal case.

{¶ 16} Mobarak's argument on this point originally carried the day, resulting in the unanimous reversal of his criminal convictions in the court of appeals on direct appeal. *State v. Mobarak*, 10th Dist. Franklin No. 14AP-517, 2015-Ohio-3007, ¶ 6-9 ("*Mobarak I*"). That decision was then overturned,

8

however, based on our decision in *State v. Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358, 71 N.E.3d 1089. *State v. Mobarak*, 150 Ohio St.3d 26, 2016-Ohio-8372, 78 N.E.3d 832, ¶ 1 ("*Mobarak II*"). In *Shalash*, this court acknowledged that controlled-substance analogs were not covered under the elements of R.C. 2925.03 at the time of Shalash's alleged criminal conduct. *Shalash* at ¶ 7. Even so, the court concluded that the Revised Code had criminalized the sale of controlled-substance analogs because R.C. 3719.013—a statute in R.C. Chapter 3719, which generally relates to the civil regulation of controlled substances—stated that controlled-substance analogs " 'shall be treated' " the same as controlled substances for " 'any provision of the Revised Code.' " *Shalash* at ¶ 11, quoting R.C. 3719.013. While *Shalash* might be dispositive, I don't find it persuasive.

{¶ 17} First, the majority opinion in *Shalash* ignored persuasive arguments that undermine its reasoning. One need only look at the Tenth District Court of Appeals' opinion explaining its judgment reversing Mobarak's conviction to see how paper thin this court's reasoning in *Shalash* is. In its opinion, the Tenth District identified several reasons that weighed against incorporating the civil-regulation definition of controlled substances (which includes controlled-substance analogs) into the statutes criminalizing the sale or possession of controlled substances. *Mobarak I* at ¶ 7, citing *State v. Smith*, 10th Dist. Franklin Nos. 14AP-154 and 14AP-155, 2014-Ohio-5303. These reasons included the General Assembly's decision to incorporate only some of the definitions of terms in the civil controlled-substances laws into R.C. 2925.01, which defines terms applicable to drug offenses under R.C. Chapter 2925; the express statement in R.C. 3719.01 limiting the use of the definitions contained in that statute to R.C. Chapter 3719; and the lack of cross-references or any other indication in R.C. Chapter 2925 that the definitions relating to the classification of controlled substances for civil-regulation purposes apply to drug offenses set forth in R.C. Chapter 2925. *Mobarak I* at ¶ 7.

**{¶ 18}** None of these concerns were addressed, let alone resolved, by this court in *Shalash*. Instead, this court relied on R.C. 3719.013, *Shalash* at ¶ 11, even though that civil-regulation statute did not provide any definition that applied to the elements of the criminal offenses at issue in that case or in this case. This court also reasoned that R.C. 3719.013 provided adequate notice of prohibited conduct, because it was "not a secret provision of the Revised Code" and was found in a chapter titled "Controlled Substances." *Shalash* at ¶ 11.

**{¶ 19}** I simply don't buy it. In my view, the Tenth District's reasoning is more thorough and compelling than that of this court in *Shalash*. Further, if the General Assembly's incorporation of R.C. 3719.013 into R.C. Chapter 2925 was as obvious as the court in *Shalash* believed, I am left wondering why the General Assembly found it necessary to amend R.C. 2925.03(A)(1) and (2) so that the sale of controlled-substance analogs satisfied the elements of trafficking in drugs. 2012 Sub.H.B. No. 334.

**{¶ 20}** Second, this court in *Shalash* disregarded our long-standing principles of statutory construction. Under R.C. 2901.04(A), sections of the Revised Code that define criminal offenses or penalties must be strictly construed against the state. This rule of construction has been part of this court's precedent for over 170 years. *See Hall v. State*, 20 Ohio 7, 15 (1851) (referencing the long-settled principle that penal laws are to be strictly construed and not extended by implication). As acknowledged by the court in *Shalash*, controlled-substance analogs were not "specifically proscribed" in R.C. Title 29 at the time of Shalash's arrest and indictment. *Shalash*, 148 Ohio St.3d 611, 2016-Ohio-8358, 71 N.E.3d 1089, at ¶ 13. (And so too for Mobarak. *See Mobarak I*, 2015-Ohio-3007, at ¶ 9.) Yet, despite the clear absence of proscription within R.C. Chapter 2925 and the requirements of both R.C. 2901.04(A) and our caselaw for the strict construction of penal statutes, the court in *Shalash* went searching for a statutory justification to criminalize the conduct that was at issue. And in doing so, this court, not the

General Assembly, created the elements of the crime for which Mobarak was convicted.

{¶ 21} No person, however reprehensible his or her conduct is, should be subjected to criminal liability for committing an act that the law does not criminalize. Despite that principle, Soleiman Mobarak is serving 35 years in prison for acts that were not criminalized when he committed them. Ultimately, the issues that he raises here were resolved during his direct appeal. *See Mobarak II*, 150 Ohio St.3d 26, 2016-Ohio-8372, 78 N.E.3d 832, at ¶ 1. And that resolution limits the relief that this court may provide when reviewing the court of appeals' dismissal of Mobarak's petition for mandamus relief. *See State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992) ("[E]xtraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue"). While I am not convinced by this court's reasoning supporting its determination that the trial court had jurisdiction over Mobarak's criminal case, I accept that this court has resolved the question Mobarak raises and that that resolution is dispositive here. The law is the law, even if it leads to repugnant results. As a result, I concur in judgment only.

_____

Soleiman Mobarak, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Nickole K. Iula, Assistant Prosecuting Attorney, for appellee.

_____