[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Reed*, Slip Opinion No. 2024-Ohio-1624.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1624

THE STATE EX REL. MARTRE, APPELLANT, *v*. REED, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Reed*, Slip Opinion No. 2024-Ohio-1624.]

*Mandamus—Appellant's appeal from trial judge's posttrial order setting limitations on return of property seized from appellant constitutes an adequate remedy in ordinary course of law—Court of appeals' dismissal of petition affirmed.*

(No. 2023-1111—Submitted March 26, 2024—Decided May 1, 2024.)

APPEAL from the Court of Appeals for Allen County, No. 1-23-22.

_____

**Per Curiam.**

{¶ 1} Appellant, Derrick Martre, appeals the Third District Court of Appeals' dismissal of his petition for a writ of mandamus against appellees, Judge

Jeffrey L. Reed of the Allen County Court of Common Pleas and Allen County Prosecuting Attorney Destiny Caldwell.[1]

{¶ 2} We affirm the Third District's judgment because Martre had an adequate remedy in the ordinary course of the law. Martre has also filed a motion for judicial notice, which we deny.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} In May 2017, Martre was arrested by the Toledo Police Department for domestic abuse and possessing sexually explicit images of children on his cellphone. The arrest was prompted by a police report filed by Martre's then-girlfriend indicating that Martre had assaulted her in a hotel room in Toledo. She told police that Martre became angry after she had seen two videos on Martre's cellphone, each of them showing Martre touching a naked female child. She recognized the children as the six- and nine-year-old daughters of Martre's ex-girlfriend, who lived in Lima and with whom Martre had recently been staying. She gave Martre's cellphone to Toledo police, who obtained a warrant to search its contents.

{¶ 4} In December 2017, an Allen County grand jury indicted Martre on six felonies: two counts of gross sexual imposition, two counts of pandering sexually oriented material involving a minor, and two counts of illegal use of a minor in nudity-oriented material. Martre pleaded no contest to the indictment. The trial court found Martre guilty of the charged offenses and sentenced him to an aggregate term of 12 years in prison. The court also classified Martre as a Tier II sex offender.

{¶ 5} In March 2021, Martre filed a motion for return of property in the Allen County Court of Common Pleas, requesting that the court order the return of his seized cellphone and its memory card. He argued that his cellphone was

---

1. Martre's petition named former Allen County Prosecuting Attorney Juergen Waldick as the second respondent. The Third District noted that Destiny Caldwell had succeeded Waldick as the prosecutor, and it therefore automatically substituted her as a party under Civ.R. 25(D)(1).

unlawfully seized in that the warrant issued to search his cellphone was void due to alleged noncompliance with inventory procedures set forth in R.C. 2933.241.

{¶ 6} In April 2021, Judge Reed issued a judgment entry granting the property motion subject to certain limitations. The entry specifically stated, "[T]he motion is granted to the extent that any items seized from [Martre], that are being held by any law enforcement agency in Allen County, Ohio, that are not contraband or illegal for defendant to have, and that are not being held for evidence, shall be returned to [him]." The entry did not address Martre's contention that the search warrant was void.

{¶ 7} Martre appealed Judge Reed's decision to the Third District Court of Appeals. The Third District summarized Martre's argument as contending "that by ordering the return of his property the trial court actually granted a post-sentence 'suppression' motion, and thus the trial court's entry granting Martre the return of his property should have also vacated his convictions in this matter." Martre's argument stemmed from the text of R.C. 2981.03(A)(4), which allows "[a] person aggrieved by an alleged unlawful seizure of property" to challenge the seizure; the provision also states that "[i]f the motion is filed by a defendant after an indictment * * *, the court shall treat the motion as a motion to suppress evidence."

{¶ 8} The Third District rejected Martre's argument and affirmed Judge Reed's decision. The Third District noted that Judge Reed had not concluded that the warrant to search Martre's phone was void, and it determined that it was not necessary for the judge to reach that issue to rule on the property motion. This court declined to accept Martre's appeal from the Third District's judgment. *State v. Martre*, 165 Ohio St.3d 1504, 2022-Ohio-85, 179 N.E.3d 120.

{¶ 9} In May 2023, Martre petitioned the Third District for a writ of mandamus against Judge Reed and the Allen County prosecutor. Martre asserted that because Judge Reed granted his property motion, he had a right to a suppression hearing, a right to a judgment of acquittal of the charges relating to the images

found on his cellphone, and a right to findings of fact and conclusions of law from Judge Reed. Martre asserted that the judge "now has a duty to dismiss any and all charges related to the suppressed cellular device" and that the prosecutor "has an obligation to see that Martre is accorded justice."

{¶ 10} Judge Reed and the prosecutor moved to dismiss the petition. In their motion, they argued that Martre's claim was barred by res judicata, citing his appeal from the order granting his property motion. They also argued that "[t]o the extent that res judicata does not preclude [Martre's] claims, he has alternative remedies available at law, which also bars relief in mandamus." Martre opposed the motion to dismiss, repeating the arguments made in his petition.

{¶ 11} In August 2023, the Third District dismissed Martre's petition under Civ.R. 12(B)(6). The court concluded that the petition failed to state a claim upon which relief could be granted because Martre had an adequate remedy in the ordinary course of the law to raise his arguments, either through direct appeal or postconviction motions.

## II. ANALYSIS

### A. *Motion for judicial notice*

{¶ 12} Martre filed an unopposed motion for judicial notice in this court. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Evid.R. 201 "governs only judicial notice of adjudicative facts; i.e., the facts of the case." Evid.R. 201(A).

{¶ 13} Martre's motion proffers two "facts," neither of which may be the subject of judicial notice under Evid.R. 201. First, Martre argues that when the Third District denied his appeal from the order granting his property motion, it erroneously found that "there was no properly filed suppression motion before the trial court." (Emphasis omitted.) Second, Martre asks this court to take judicial

4

notice of a discrepancy between the Third District's summary of his criminal case and unauthenticated copies of police reports and the search warrant that were attached to his petition.

{¶ 14} We reject both of Martre's requests for judicial notice. First, the details of Martre's prosecution are not public knowledge. Second, this court is under no obligation to take judicial notice of facts that are not significant to the disposition of the case before us. *See State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 10 (denying motion for judicial notice because the proffered facts were "not relevant to the substantive issues before us"); *see also Home S. & L. Co. v. Eichenberger*, 10th Dist. Franklin No. 12AP-1, 2012-Ohio-5662, ¶ 26 ("Courts are not required to take judicial notice of facts that are irrelevant to the proceedings"). The threshold issue in this appeal is whether Martre has asserted a cognizable claim for mandamus relief—specifically, whether his appeal from Judge Reed's decision granting the property motion provided an adequate remedy in the ordinary course of the law. As explained below, Martre has failed to assert a cognizable mandamus claim; therefore, we need not consider Martre's allegations of errors made by Judge Reed in crafting his order granting the property motion. The matters of which Martre asks this court to take judicial notice thus are not relevant to the issues before this court.

{¶ 15} Martre's motion for judicial notice is denied.

### B. Mandamus

{¶ 16} On appeal, Martre asks this court to reverse the Third District's dismissal of his mandamus petition and remand the case to that court, directing it to reach the merits of his claim that Judge Reed's decision granting the property motion entitles Martre to a suppression hearing and ultimately dismissal of the charges relating to the images found on his cellphone.

{¶ 17} This court reviews a court's judgment of dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-

Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal of a complaint for failure to state a claim upon which relief may be granted is appropriate "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the] relator's favor, it appears beyond doubt that [the] relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

**{¶ 18}** To state a claim for a writ of mandamus, a relator must allege facts showing (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 19}** Martre argues that the Third District abused its discretion by determining that he had an adequate remedy in the ordinary course of the law through direct appeal or postconviction motions. In the context of an extraordinary-writ claim that asks a superior court to intervene in a criminal case, this court has determined that direct appeals and postconviction motions constitute adequate remedies at law. *See, e.g.*, *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12. Courts have classified requests for the return of seized property under R.C. 2981.03(A)(4) as postconviction motions. *See State v. Glenn*, 8th Dist. Cuyahoga No. 112696, 2023-Ohio-4654, ¶ 12, citing *State v. Martre*, 6th Dist. Lucas No. L-21-1199, 2022-Ohio-639, ¶ 23, and *State v. Holloway*, 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 11-24.

**{¶ 20}** Martre had an adequate remedy in the ordinary course of the law because he could—and did—appeal Judge Reed's decision granting the property motion to the Third District. That the Third District did not adopt Martre's interpretation of R.C. 2981.03(A)(4) did not render the appeal an inadequate remedy. " 'The fact that a prior appeal was unsuccessful or even wrongly decided does not mean that it was not an *adequate* remedy.' " (Emphasis sic.) *State ex rel.*

*Mobarak v. Brown*, ___ Ohio St.3d ___, 2024-Ohio-221, ___ N.E.3d ___, ¶ 9, quoting *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11. We affirm the Third District's judgment because it correctly held that Martre had an adequate remedy in the ordinary course of the law.

{¶ 21} Similarly, to the extent that Martre requests a writ to compel Judge Reed to revise or remove the limitations he included in his order granting Martre's property motion, such relief is not available through a writ of mandamus. " 'Mandamus will not lie to control judicial discretion, even if that discretion is abused.' " *State ex rel. Martin v. Russo*, 160 Ohio St.3d 21, 2020-Ohio-829, 153 N.E.3d 20, ¶ 10, quoting *State ex rel. Rashada v. Pianka*, 138 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3.

### III. CONCLUSION

{¶ 22} For the foregoing reasons, we affirm the judgment of the Third District Court of Appeals. We deny Martre's motion for judicial notice.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Derrick Martre, pro se.

Destiny Caldwell, Allen County Prosecuting Attorney, and John R. Willamowski Jr., Assistant Prosecuting Attorney, for appellee.

————————————